IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIN SPRENKLE,

      Plaintiff,

vs.                                    Civil Action Number: 2:17-00092-RCM

LIFE INSURANCE COMPANY OF
NORTH AMERICA, HEALTHCARE
BENEFITS TRUST, AND UPMC
WELFARE BENEFITS PLAN,

      Defendants.

**AMENDED COMPLAINT**

AND NOW, comes the Plaintiff, Erin Sprenkle, by and through her undersigned counsel, Gregory G. Paul, and files the within Amended Complaint to obtain declaratory relief and recover disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

**JURISDICTION AND VENUE**

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants

1

resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Erin Sprenkle, is an adult individual who resides in Pittsburgh, Pennsylvania 15212 (Allegheny County).

4. Defendant, Life Insurance Company of America d/b/a Cigna Group Insurance ("LINA"), is the Claim Administrator, insurer of the Plan, and *de facto* Plan administrator conducting its business including the denial letter from Dallas, Texas 75370.

5. Defendants, Healthcare Benefits Trust and UPMC Welfare Benefits Plan, are benefit plans identified as such including the Plan Administrator as Gregory Stoner as defined by ERISA doing business with their principal place of business located at 1501 Reedsdale Street, Suite 403, Pittsburgh, PA 15233.

## SUMMARY OF ACTION

6. Ms. Sprenkle was born in 1968 and was employed by UPMC as a Payment Specialist until she was unable to continue working on or about September 28, 2010.

7. Plaintiff was approved for short-term disability benefits through March 29, 2011 and continued to meet the definition of disability through November 19, 2015.

8. Plaintiff received Long Term Disability benefits from Defendant due to multiple medical conditions including Hidradenitis Suppurativa described by her treating specialist, Dr. Joseph English at the University of Pittsburgh Medical Center as " chronic, severe and disabling" despite failed multiple conventional therapies and has required severe hospitalizations.

9. Ms. Sprenkle remains unable to work in any occupation due to the above conditions, as is confirmed by her approval of total and permanent disability by the Social Security Administration.

10. Under the long-term disability policy, the Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: (1) unable to perform all the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

11. After 24 months of Disability Benefits the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: (1) unable to perform all the material duties of any gainful occupation for which he or she is reasonably fitted by education, training or experience. Gainful occupation means an occupation that is or can be expected to provide the Employee with an income within 12 months of return to work that exceeds 80% of his or her Indexed Earnings if working or not working.

12. On or about May 16, 2016, Defendant denied Plaintiff's long-term disability benefits stating that "we have determined that your client has transferable skills to perform other occupations beyond November 19, 2015."

13. As a result of Defendant's denial of long-term disability benefits, Plaintiff has not received the monthly benefits in the amount of $1,275.00 per month to which she is entitled through age 65 or the Social Security Normal Retirement Age (SSNR) and other benefits under the Plan including waiver of premiums for life insurance.

14. Furthermore, defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company and failure to follow enhanced claim procedures as required by the Regulatory Settlement Agreement between LINA and the Pennsylvania Department of Insurance. (Attached as Ex. 1).

15. Defendants, for the first time, have produced and identified an *undated* document entitled "Employee Welfare Benefit Plan Appointment of Claim Fiduciary". It is unknown whether this documents is part of a plan, summary plan, amendment to the plan or generated for the purpose of creating discretionary authority. Doc. No. 7-2.

16. Plaintiff alleges that this document is not part of the plan or claim file produced in the administrative process. To the extent that either the claim fiduciary, LINA, or the plan administrator, Gregory Stoner, created this document for the purpose of asserting arbitrary and capricious review when the plan does not provide such discretionary authority, the result is a breach of fiduciary duty owed to the plan participant and beneficiary.

**COUNT ONE AGAINST LINA**
**(CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))**

17. The averments set forth in the above paragraphs are incorporated by reference.

18. The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") based upon her becoming disabled within the meaning of the Plan.

19. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is limited from performing the material and substantial duties of her regular occupation due to her sickness or injury.

20. On or about May 16, 2015, Defendant denied Disability Benefits. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical conditions prevent her from performing the material and substantial duties of any occupation.

21. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing long-term disability benefits and other benefits under the plan including life insurance.

**COUNT TWO AGAINST ALL DEFENDANTS**
**DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))**

22. The averments set forth in the above paragraphs are incorporated by reference.

23. On or about September 22, 2016, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email. This letter was addressed to "Medha B." who signed the May 16, 2016 denial letter and to "Attn: Plan Administrator, CIGNA/Life Insurance Company of North America". (Attached as Ex. 2).

24. Plaintiff received a copy of the policies and what Medha B. referred to as the "claim file". However, plaintiff did not receive certain documents including CIGNA's Blue Book, claim manuals, written protocols, rules, or even the qualifications of the reviewers of their claims file.

25. ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

26. Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

27. Pursuant to 29 U.S.C. § 1029:

> **(c)   Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**
>
> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (Emphasis added).

28. ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) <u>and</u> when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

29. Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced. Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

30. Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135. The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which

requires that a claimant receive a full and fair review of an adverse benefit decision. Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

31. At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i)   Was relied upon in making the benefit determination;
>
> (ii)  Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv)  In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

32. Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

33. Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or

7

generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to identify all of the medical and vocational experts whether relied upon or not. Defendants failed to identify the actual reviewer and his or her credentials. Last, defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## COUNT THREE AGAINST ALL DEFENDANTS
## BREACH OF FIDUCIARY DUTY UNDER 502(A)(2) and (3)

34. Plaintiff incorporates all allegations previously set forth in this complaint.

35. Section 502(a)(2) and (3) permit a participant or beneficiary to sue under Section 409 for a breach of fiduciary duty based upon a failure to inform or disclose and self-dealing.

36. Defendants, acting in a fiduciary capacity, failed to disclose and/or misrepresented to plaintiff and other plan participants about the creation and implemtation fo the Appointment of Claim Fiduciary whose purpose is against their interest and receipt of benefits.

37. Accordingly, defendants failed in its duty to communicate material facts affecting the beneficiary and his interests and is otherwise infected with self-dealing.

38. Defendants' actions in failing to communicate and other acts of self-dealing were fixed, intentional, and otherwise failed to inform or disclose to plaintiff and others similarly situated.

39. As a direct and proximate result of the defendants' breach of fiduciary duty, Plaintiff seeks equitable and all other available relief attendant to this breach of fiduciary duty including plan wide relief for plaintiff and others similarly situated who defendants failed to inform or disclose material information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Erin Sprenkle, respectfully prays that the court: (1) declare that the Defendant is obligated to pay Plaintiff her past due Disability Benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that LINA produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL
PA ID Number: 83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  April 12, 2017

10